IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARK STINSON                                                                                    PETITIONER

V.                                        CASE NO. 2:25-cv-00148-JM-JTK

USA                                                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

### I.      Introduction

On July 31, 2025, Mark Stinson, an inmate in the Federal Correctional Institution of the Bureau of Prisons ("BOP"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) In the petition, Mr. Stinson challenges his conviction in the Western District of Tennessee.

According to the BOP website, Mr. Stinson was released from BOP custody on February 29, 2024. FED. BUREAU OF PRISONS, *Find an inmate.: BOP Register Number 29908-076*, https://www.bop.gov/inmateloc/ (last visited March 19, 2026). Therefore, Mr. Stinson was released from custody before he ever filed this petition.

Pursuant to 28 U.S.C. § 2241, a writ of habeas corpus shall not extend to a prisoner unless he is "in custody." *See Copley v. Keohane*, 150 F.3d 827, 829 (8th Cir. 1998) (when a prisoner is no longer in custody, there is no entity the Court can order to effect release, therefore petitioner's § 2241 petition is moot); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody. . . "); *Ku S. v. Secretary, Dep't. of Homeland Security*, 2020 WL 8083657, *2 (D. Minn. Dec. 15, 2020) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)).

The United States Supreme Court has held that the only proper respondent in a § 2241 petition is the inmate's custodian—i.e., the warden of the facility where the prisoner is confined. *See Rumslfield v. Padilla*, 542 U.S. 426, 434-35 (2004) ("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'") (emphasis in original) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

Mr. Stinson was released from custody on February 29, 2024.  As such, he is not entitled to relief under § 2241 because his release has rendered the petition moot.

II.   III.   **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Stinson has made a

substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Stinson has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### III.    Conclusion

For the reasons set forth above, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed with prejudice.

Also pending is Mr. Stinson's Motion for Status Conference (Doc. No. 4), Motion for Leave to Proceed as a Veteran (Doc. No. 8), Motion for Status (Doc. No. 12), and Emergency Motion to Expedite and Direct Service (Doc. No. 14). These motions should all be denied as moot.

DATED THIS 19th day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE